## MERCIER *vs* COPELAN.

73 636
f107 851
73 636
117 1017
73 636
d127 589
127 591

1. A principal is not bound by the acts of his agent, which are done in excess of his authority; but if the agent exceeds his authority, the principal cannot ratify in part and repudiate in part. He must adopt either the whole or none.

(*a.*) Where one gave to his agent a letter of credit, whereby he engaged to honor drafts drawn by the agent "for cotton purchased at ruling market prices, with bills of lading attached," the frequent payment of drafts without bills of lading attached would waive the necessity of attaching them; and where the oft repeated admissions of the principal were acted upon by the vendor, the former could not repudiate them to the injury of the latter; especially not, where no previous notice had been given of any intention to change the course of the dealings between them.

(*b,*) The acceptance of various consignments of cotton by the defendant raised a promise to pay drafts drawn on him by his agent who purchased the cotton for him, without any written undertaking so to do, there being no dispute that such drafts were drawn on cotton received by the defendant, and he having paid a number of drafts so drawn.

2. The books of a principal, showing the state of accounts between him and his agent, are inadmissible against a third party.

(*a.*) In this case no sufficient foundation was laid for the introduction of books; they were secondary evidence; they related exclusively to cash transactions, and were not competent to establish such items; and the facts sought to be proved, so far as applicable, were shown by higher and better evidence.

3. A letter of credit under which drafts were drawn being set forth according to its effect in the declaration, it was not necessary to attach a copy thereof.

4. Where the admission of evidence is excepted to, the ground of objection thereto must be stated, in order to raise a question for this court to decide.

December 2, 1884.

Principal and Agent. Letter of Credit. Waiver. Estoppel. Drafts. Contracts. Evidence. Books. Pleadings. Practice in Supreme Court. Before Judge EVE. City Court of Richmond County. November Term, 1883.

Reported in the decision.

J. S. & W. T. DAVIDSON, for plaintiff in error.

HARPER & BRO., for defendant.

HALL, Justice.

By consent of counsel, this case was tried by the presiding judge without a jury. The court, upon the evidence submitted, gave judgment for the plaintiff for the amount claimed. The defendant moved for a new trial, upon the several grounds stated in the record; the motion was overruled, and he excepted, and brought the case to this court by writ of error. The declaration set forth two drafts drawn by St. J. Armand, in favor of plaintiff, on the defendant, to each of which was attached a bill of lading for cotton shipped by Armand to defendant, and which had been paid for by plaintiff. The defendant refused payment of these drafts when presented, because, as he alleged, he had neither money nor cotton in hand belonging to the drawer to meet them, and they were protested.

On the 28th day of September, 1882, the defendant gave St. J. Armand a letter of credit, whereby he engaged to honor drafts drawn by him "for cotton purchased at ruling market price, with bills of lading attached." The drafts sued on were dated respectively October 30th and November 3d, 1882, and were both payable to the order of plaintiff. When first sent and presented for payment, they were unaccompanied by bills of lading, and for this reason payment was refused, and they were returned. Subsequently copies of the bills of lading were procured and attached, and payment was again refused for the reason first above set forth. On this letter of credit, Armand purchased in all fifty-five bales of cotton, which were forwarded to and received by defendant. He drew for these purchases sixteen drafts on defendant, payable to the order of plaintiff. Fourteen of the drafts had no bills of lading attached, but were, notwithstanding, paid by the defendant without objection. The plaintiff advanced to Armand, on October 18th, 1882, five hundred dollars to purchase cotton, and

he drew on defendant for this amount; failing to use this money, or perhaps a portion of it, in that way, he returned $300 of the amount to plaintiff, who, on the 19th of the same month, paid it in a check, which was forwarded to defendant by Armand, who, in the letter conveying it, informed him that he drew the $500 to pay for cotton at Penfield and Woodvlle, but did not need that amount, so he sent the check for balance, as it may be presumed legitimately, not spent in the purchase of cotton, for in the same letter he informed him he would send him invoice for "some cotton" the next ("to-morrow") morning. This draft of $500 was likewise paid, without objection by the defendant, on the 20th of October, 1882. Subsequent drafts, drawn respectively on October 23d, 24th, 26th and November 1st and 2d, though having no bills of lading attached, were likewise paid. There is no direct evidence that Armand improperly used that part of the five hundred dollars advanced to buy cotton, and not repaid in the check for $390 sent to defendant, nor is there anything in the proof which would authorize the inference that he did so; on the contrary, we think, from the terms of the letter transmitting the check and other correspondence with the defendant, as well as the attendant circumstances, it is much more probable that this excess of $110 was invested in "some of the cotton" which was just subsequently forwarded and "invoiced" to the defendant.

It is urged that the plaintiff was not authorized by this letter of credit to advance money to Armand to buy cotton; that, according to its terms, he could only pay for cotton after it was purchased. Whether this is a correct construction of the letter of credit, it is quite immaterial to inquire; it is sufficient that the defendant, with a full knowledge of the facts, ratified the transaction. It is conceded that he is bound, as to the $390 sent to him in a check, to meet this five hundred dollar draft; but it is insisted that he is not bound for the $110, which, it is claimed, was never accounted for; that he paid the entire

draft with the check of $390 and with other funds which he then had in hand belonging to the drawer.

1. The principal is not bound for acts of the agent, which are done in excess of his authority; but if the agent exceeds his authority, the principal cannot ratify in part and repudiate in part; he must either adopt the whole or none. Code, §2194. The plaintiff was not informed of the state of the accounts between the defendant and his agent, Armand, and he was under no duty, if indeed he had any right to do so, to inquire into the matter.

The defendant contends that he could be made liable for these drafts only upon one of two grounds—either that they must strictly conform to the terms of the letter of credit, or that he must have had in his hands money or property belonging to the drawer to meet them when presented for acceptance and payment, and that neither one of the facts existed when the drafts sued on were presented; that the drafts did not conform to the letter of credit, in that they had no bills of lading attached, and that he was not liable under the law, because he had nothing belonging to the drawer to pay with. To this the plaintiff replies, that there was a substantial compliance with the terms of the letter of credit, when the drafts were last presented, as they then had copies of the bills of lading attached, and, even if this were not the case, the defendant would be liable, inasmuch as this condition was waived by the course of dealings between the parties under this letter of credit; that the defendant was thereby estopped from insisting on a strict compliance; and that to allow him to take advantage of this omission would, under the circumstances, be a fraud upon plaintiff. We think the reply is conclusive. Here were oft repeated admissions of the defendant upon which the other party had acted; and were he now permitted to repudiate them, this would result in injury to the plaintiff, especially as no previous notice had been given him of an intention or purpose to change this course of dealings under the con-

tract.   Code, §§3753, 2966, and citations under each.   But independent of this reply, we think the acceptance of these various consignments by the defendant raised a promise to pay these drafts, there being no dispute that they were drawn on cotton received by him, without any written undertaking so to do, as was decided in 57 *Ga.*, 392. Under the facts and law of the case, no other judgment could have been renderd by the court than that given.

2. There was no error in rejecting the books offered by the defendant to prove the state of the account between him and his agent.   As to the plaintiff, these transactions were *res inter alios acta*, and as to him, were nothing more than hearsay evidence ; besides, if they had been otherwise unobjectionable, no sufficient foundation was laid for their introduction.   Code, §3777.   They were, at best, only secondary evidence, and related exclusively to cash transactions, and were not competent to establish such items.   64 *Ga.*, 243.   In addition, the facts sought to be proved, so far as applicable to this issue, were established by higher and better evidence, viz., the recollection of the witness, refreshed by reference to the books kept by him, and who was otherwise cognizant of the facts they would have shown, and to which he testified.   18 *Ga.*, 693, 695, 696.

3. The letter of credit being set forth according to its effect in the plaintiff's declaration, it was not necessary to attach to the same a copy thereof.   65 *Ga.*, 717.

4. What the objection was to admitting in evidence the drafts, with bills of lading attached, sued on, does not appear.   It is well settled that the court need not decide on such general objections.

. This disposes of all the grounds taken in the motion for a new trial.   We find no error in any of the rulings and decisions of the court complained of, and order the judgment affirmed