## 51.   LEFFLER COMPANY *v.* DICKERSON.

1. "The law leans against the destruction of contracts on the ground of uncertainty, and a contract will not be declared void on that ground, unless, after reading it and interpreting it in the light of the circumstances under which it was made, and supplying or rejecting words necessary to carry into effect the reasonable intention of the parties, their intention can not be fairly collected and effectuated."

2. A note dated on March 25, 1904, and payable on "the 1st day of November," without specifying a year, is, in the absence of anything in the instrument requiring a contrary construction, to be construed as maturing on the first day of November of the year named.

3. In such cases parol testimony is admissible in a court of law to show the actual date intended.

Complaint, from city court of Reidsville—Judge Morgan. June 6, 1906.

Submitted January 17,—Decided January 22, 1907.

*H. C. Beasley,* for plaintiff.

Powell, J. Leffler Co. brought suit against Dickerson upon a promissory note made by him, dated March 25, 1904, promising to pay Leffler Co. "on or before the 1st day of November," without specifying a year, a certain sum of money, for the purchase-price of certain fertilizers, stated in the note to have been received and to be used on the lands cultivated by the maker for the year named. At the trial the defendant moved to dismiss the plaintiff's action upon the ground "that the note sued upon did not state upon the first of what November the same became due;" which motion was sustained by the court, over the objection of the plaintiff, who offered to prove by parol testimony "that the intention of the parties was that said note was to be due on the 1st day of November, 1904, and that the '1904' was omitted from the contract by mistake." The court refused to allow the plaintiff to make this parol proof as to when the note was intended by the parties to become due. The plaintiff excepted to both rulings.

1, 2. The principle announced in the first headnote is a literal quotation from the decision in the case of Boykin *v.* Bank of

Mobile, 72 Ala. 262. It is so consonant with common sense, common reason, and common justice, as well as with the unbroken current of the decisions of the courts of all the States in which this question has arisen, that we adopt it without change or alteration. In that case a note, on its face payable "Twenty-five after date," was construed to mean twenty-five days after date. In Weems *v.* Parker, 60 Ill. App. 167, the time of payment in a promissory note was stated as "ninety —— after date." It was construed to mean ninety days after date. In Nichols *v.* Frothingham, 45 Maine, 220, a note payable "six      after date" was before the court, and in the decision it was held: "In such a case it is competent for the court to determine from the paper itself, in the light of the circumstances in which it was given, what was the actual intention of the parties. . . Otherwise, the maker might reap an unjust advantage from his own neglect to use clear and appropriate language, which the law does not allow, when it is possible to ascribe to the language, under the circumstances in which it was used, any appropriate legal effect. Where there is nothing in the contract to lead to a different conclusion, and it is clearly apparent that some word indicative of the intention of the parties was intended to be used, but omitted by mistake, the parties may properly be presumed to have intended to use that word which is most commonly used by the same or other parties under similar circumstances. Their probable intention, in the absence of anything to the contrary, may well be taken as their actual intention. . . Notes payable in six days are seldom seen, while those payable in six years are not very common. . . There being nothing in the note to indicate that any other term of payment was intended by the parties, the law, under the circumstances, regards it as a note payable six months after date." In Person *v.* Stoddard, 9 Gray (Mass.), 199, a note payable "four months after" was construed to be payable four months after date. In Coles *v.* Hume, 8 B. & C. 568 (15 Eng. C. L. 282), in a bond promising to pay "7700 ——," the court, by construction, supplied the word "pounds." In *Neal* v. *Reams,* 88 *Ga.* 298, it is held: "A promissory note for $711.85, with interest at the rate of 8 per cent. per annum after maturity, dated March 4th, 1885, and promising to pay 'on the 5th March after date,' is ambiguous, and open to explanation by extrinsic evidence. In the absence of any such evidence, there

was no error in construing the note as maturing on the 5th of March, 1886, rather than on the 5th of March, 1885, as the date of the note included the month and year as well as the day on which it was executed."

3. That parol testimony is admissible, even in a court of law, to show the intention of the parties, when the date in a written instrument is left ambiguous, is sustained by an abundance of authority; but we are content to cite the case of *Neal* v. *Reams,* supra, and the case of *McCrary* v. *Casky,* 27 *Ga.* 54.

*Judgment reversed.*