## MONTGOMERY *v.* ALEXANDER LUMBER COMPANY.

LUMPKIN, J. 1. Under former rulings of this court, which are binding, where a contract is required to be evidenced by writing, under the statute of frauds, and a petition sets out the terms of a contract, but does not allege that it is in writing, such petition is not demurrable for that reason. *Allen & Holmes* v. *Powell*, 125 *Ga.* 438 (54 S. E. 137).

2. Remote or consequential damages are not generally allowed when they can not be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract. Civil Code, § 4394.

3. Where it is sought to recover damages on account of loss of profits of a contract, under the rule that damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated,

when the contract was made, as the probable result of the breach (Civil Code, § 4395), or on the ground that the contract was broken with the knowledge and for the purpose of depriving the party injured of its benefits (Civil Code, § 4511), the plaintiff should allege facts showing that the special damages claimed fall within one or the other of such rules.

4. A petition seeking to recover damages for a breach of contract and also for a tort is subject to demurrer.

5. The allegations as to damages were general in character, and failed to show a right to recover the special damages alleged. The petition was also demurrable because it sought to recover both for a tort and on a contract in the same action. A demurrer was filed on the ground of such misjoinder of causes of action; and there were also special demurrers to the paragraphs of the petition alleging damages. The court sustained the demurrers, with leave to the plaintiff to amend; but upon failure of the plaintiff to do so, the action was dismissed. *Held*, that this was not error.      *Judgment affirmed. All the Justices concur.*

MAY 15, 1913.

Action for breach of contract. Before Judge Pendleton. Fulton superior court. June 10, 1912.

*Copeland & White* and *A. C. Corbett,* for plaintiff.

*Watkins & Latimer,* for defendant.