JOHNSON & BURNS, INC. *vs.* FRANK P. HAYDEN.

First Judicial District, Hartford, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

An accord and satisfaction induced by false and fraudulent representations, or by a concealment of material facts by one whose duty it was to disclose them, is thereby vitiated.

In the present case the plaintiff had been employed by the defendant to prepare plans and specifications for a house, but during their preparation the defendant notified the plaintiff that the house was evidently going to cost more than $12,000, which was all he was willing to put into it, and that he had concluded to terminate his arrangement with the plaintiff and pay it for such services as it had rendered. The defendant made this representation for the purpose of inducing the plaintiff to act upon it. The plaintiff believed the defendant had decided to abandon building, and after some negotiation agreed to accept $50, which the defendant paid. As matter of fact the defendant had not abandoned his purpose to build, but had obtained other estimates based upon the plaintiff's preliminary plans, which he caused to be secretly photographed before the return of the originals to the plaintiff, and shortly thereafter turned the photographs over to another architect for his use in building the house, and also employed him to supervise its erection. In an action to recover damages for the defendant's breach of contract, it was *held:—*

1. That inasmuch as the defendant's representation that he was through with the plaintiff's services as an architect was untrue, was made to induce, and did induce, the plaintiff to act upon it to its prejudice, it constituted a fraud which rendered void the accord and satisfaction.

2. That the concealment of facts unknown to the plaintiff, which the defendant, by reason of the relationship existing between the parties, was bound to disclose, and without which concealment plaintiff would not have made the accord and satisfaction, also voided it.

3. That the damages recoverable upon breach of such a contract included not only the value of the services actually rendered, but also the profit reasonably to be expected from the completion of the contract, which would be measured by the agreed price less the expense to the plaintiff of completing its contract.

An architect's contract to furnish plans and specifications and supervise the erection of a house, is a personal one and entire and indivisible; and the relationship thus created makes it the duty of the owner to disclose facts which are known to him but unknown to the architect, in contracts affecting this relation.

The owner can withdraw from such a contract at any time upon paying to the architect just damages for his breach of contract.

Argued October 6th—decided November 27th, 1922.

ACTION to recover for services as architects, brought to and tried by the Court of Common Pleas in Hartford County, *Molloy, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error; judgment to be rendered for plaintiff for such damages as the trial court, upon a rehearing confined to that subject, may find the plaintiff has suffered.*

*Henry H. Hunt* and *Charles F. Roberts*, for the appellant (plaintiff).

*Albion B. Wilson*, for the appellee (defendant).

WHEELER, C. J   The plaintiff sues to recover damages for the breach of its contract with the defendant to design and supervise the building of a house for the defendant, and sets up in the complaint the fact that the defendant had, by the payment of $50, made

an accord and satisfaction of the balance due under the contract, but that the same was obtained from the plaintiff through fraudulent representations. The defendant pleaded, practically, a general denial, and in a special defense sets up that plaintiff submitted to him certain rough plans for the house but that he never accepted them or agreed to pay for them, and that the plaintiff never performed any services for him at his request, nor any services beneficial to him except in the submission to him of the rough plans. And he further alleges that since plaintiff had expended some time and money on these plans, and since defendant might have derived some benefit from them, he offered to pay the plaintiff what its services were worth, which were fixed by them at $50, and that this sum was paid and accepted by the plaintiff as payment in full for all claims. The finding did not, except in the conclusions, find that plaintiff and defendant had made any contract, but did find that the $50 was paid in full settlement for the compensation of the plaintiff in connection with the house.

The appeal is based upon the plaintiff's motion to correct. The motion, as well as the draft-finding and the finding itself, are filled with statements of the evidence instead of with those facts which the evidence establishes. The finding fails to set forth the case as it was presented before the court. Examination of the evidence, excluding facts dependent upon a finding on conflicting evidence, makes it plain that the motion to correct should have been granted in greater part, and the finding corrected by adding thereto the following facts: The plaintiff and defendant entered into a contract by which the plaintiff was to make plans and specifications for a house for defendant, and to supervise its erection in case defendant should build the same, for 5% of the cost of the house, less $310 to be credited

on the total bill. After plaintiff had made the preliminary plans and sketches and spent a great deal of time in getting data for specifications, in figuring costs, getting estimates, etc., defendant sent for Mr. Johnson, president of plaintiff, and told him he could not build the house at a cost in excess of $12,000, and that as the estimates showed that it could not be built for this, he had decided to conclude his arrangements with him and desired to pay him for such services as he had rendered. Mr. Johnson understood from defendant's statement that he had decided to abandon the building of the house, and in consequence of this belief and this statement he accepted, after some negotiation, the $50 in full settlement of all claims against defendant under this contract. The defendant made this representation for the purpose of inducing the plaintiff to act upon it. Before this interview the defendant had received from a builder an estimate of the cost of building a house from plans based upon these preliminary plans, and while they were in defendant's possession he had had photographic copies made of them and immediately thereafter returned the original plans to plaintiff. The defendant caused these copies to be made with the intention of subsequently, after he had ended his contract relations with plaintiff, having a house built from them. In fulfillment of this purpose he had also at this time employed another architect, and turned over to him the photographic copies of these plans from which to prepare plans substantially identical with these plans, and he also employed him to supervise the building of such house from these plans, which had been modified in a few particulars to decrease its cost. The defendant at this time intended to erect a house in accordance with these plans, and then caused estimates to be obtained therefor, and had subsequently caused a contract for building this house to be made. Within

about two weeks of such interview defendant began the construction of this house and completed it, in accordance with the plans as made by this architect, for the sum of $14,430. The defendant did not, either at this interview or at any other time, inform plaintiff that he had caused its plans to be photographed, or that he had employed another architect, or obtained other estimates, or that he intended to build this house at this time and use plans substantially identical with its plans as photographed, but failed to disclose any of these facts to plaintiff. Had plaintiff known these facts it would not have made the accord and satisfaction as described in paragraph 13 of the finding.

The plaintiff's cause of action, upon the facts as corrected, should have been sustained upon two grounds: 1. The defendant's representations that he was through with plaintiff's services as an architect, was the inducement for the making of the accord and satisfaction. The representation was untrue, since at that time the defendant was using and purposed using plaintiff's plans in the making of plans for a house and in the construction of the same. The representation concerned a matter relating to the defendant's own business, and all the facts surrounding the representation were known to him, and the law holds the defendant, because of his opportunity to know the truth of his representation, bound so to know. Bigelow on Fraud (Ed. 1877) p. 57. The defendant made this representation for the purpose of inducing the plaintiff to act upon it. The plaintiff relied upon this representation to its prejudice. This constituted a fraud on the plaintiff and voided the accord and satisfaction. *Barnes* v. *Starr*, 64 Conn. 136, 150, 28 Atl. 980. 2. The failure of the defendant to disclose to the plaintiff his use of these plans and his proposed use of them, and his employment of an architect to make plans from these and

the obtaining of estimates and his intention to build a house substantially from plaintiff's plans, was in law a concealment, and the corrected facts disclose that without such concealment the plaintiff would never have made the accord and satisfaction. The contract between the plaintiff architect and defendant called for the making of plans and the supervision of the construction of the house. The supervision plainly called for the relation of principal and agent between the owner and the architect. *Nichols* v. *Hubbell*, 92 Conn. 611, 103 Atl. 835; Note, 19 L. R. A. 1181, and cases cited; *Coombs* v. *Beede*, 89 Me. 187, 188, 36 Atl. 104; *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 575, 126 Pac. 351; *Graf* v. *Laev*, 120 Wis. 177, 182, 97 N. W. 898; Note, 65 L. R. A. 465. The contract was a personal one and undelegable and an entire and indivisible one. The relationship created by it made it the duty of the defendant to disclose to the plaintiff these facts which he must have known would have prevented the making of the accord and satisfaction had their disclosure been made to the plaintiff. *Watertown Savings Bank* v. *Mattoon*, 78 Conn. 388, 393, 62 Atl. 622. While the relationship of the parties through this contract made imperative the disclosure of all material facts concerning the accord and satisfaction known to the defendant and not known to the plaintiff, the circumstances surrounding the situation existing between these parties made it peculiarly the duty of the defendant to disclose these facts which were within his knowledge and not available to the plaintiff, and relating to a subject-matter which defendant must have known would have controlled the action of the plaintiff in making the accord and satisfaction which it did make. Unless the defendant did disclose these facts the parties were not dealing on an equal footing. Fair dealing gave the plaintiff the right to be acquainted by defend-

ant with these facts before it was called on to make the accord and satisfaction. The defendant's motive in refraining from making the disclosure was intentional, and arose from his desire to get rid of his contract with the plaintiff and at the same time to avail himself of the fruits of its labor. When the defendant secured the acquiescence of the plaintiff to the accord and satisfaction by these means, he took an unfair and unconscionable advantage of the plaintiff; *Story* v. *Norwich & W. R. Co.*, 24 Conn. 94, 113; and he obtained an unfair settlement to the prejudice of the plaintiff, which cannot be permitted to stand. Unquestionably the defendant had the right to withdraw from his contract with plaintiff upon paying just damages for his breach of the contract, but he could not accomplish his end by overreaching the plaintiff. An accord and satisfaction obtained in this way will be treated as wholly nugatory because in law obtained by fraud. *Feltz* v. *Walker*, 49 Conn. 93, 98.

With the finding corrected, the only question in the case is as to the amount of damages the plaintiff should recover. As a result of the prevention of its performance of its contract with the defendant, the plaintiff was entitled to recover compensatory damages for the loss it had sustained by the defendant's breach. *Zadek* v. *Olds, Wortman & King*, 166 N. Y. App. Div. 60, 63, 151 N. Y. Supp. 634. This included not merely the value of the services the plaintiff had rendered, but, in addition, such benefit or profit to it as it would have made from completing the plans and specifications and from supervising the construction of the house according to its own plans. This item would be arrived at by ascertaining what the cost and expense of the completion of the contract would have been to it, and then the difference between the contract price, less the $310 as agreed upon and this item of cost and expense, would

represent the profit accruing to it on account of the breach of the contract by the defendant.

There is error, the judgment is set aside and the Court of Common Pleas for Hartford County ordered to render its judgment in favor of the plaintiff for such damages as, upon hearing had on the damages only, it may find, within the rule herein, the plaintiff has suffered.

In this opinion the other judges concurred.