19355. PITTMAN CONSTRUCTION COMPANY *v.* ELLIS.

DECIDED MARCH 7, 1929.

*John Rogers,* for plaintiff in error. *J. C. Bennett,* contra.

LUKE, J. C. A. Ellis recovered a verdict against Pittman Construction Company, a corporation, for $328 in an action for breach of contract. The court overruled the defendant's motion for a new trial and the defendant excepted.

Briefly stated, the salient allegations of the petition are these: Pittman Construction Company had a contract to construct certain sidewalks in the City of Hazlehurst, and to use in such construction cement, sand, rock and slag, aggregating approximately one hundred and forty carloads. C. A. Ellis contracted with said company, through its authorized agent, one Malone, to haul all of said paving material from the railroad-cars to the places where the sidewalks were to be laid, "and the defendant agreed to pay petitioner at the rate of ninety cents per hour for the time petitioner should be engaged in such hauling," said price to be "based on the time of a one-ton Ford truck." It was further alleged that the

plaintiff was to haul earth to raise the sidewalks, and to haul dirt from excavations where the walk was lowered. Petitioner entered upon the performance of the contract on March 28, 1927, and had operated thereunder nine days when the defendant breached the contract by refusing to allow him to proceed further with the work. There was enough hauling to be done under the contract to have engaged a one-ton truck for at least one hundred and forty days. The cost of operating said one-ton truck per ten-hour day would not have exceeded $5. The defendant paid the petitioner for the time he actually hauled, but damaged him in the sum of $560 by breach of said contract. The defendant averred that Malone had no authority to contract for it; denied making the contract; denied breaking it, and denied all liability.

If the contract existed, its breach and damages for such breach were proved. The controlling question is whether or not there was such a contract, and the answer rests upon Malone's authority to bind the company. On direct examination F. A. Pittman testified: that he was secretary and treasurer of Pittman Construction Company, and had charge of "the direction of the work of constructing the sidewalks of Hazlehurst;" that he "was the officer of the company that looked after the Hazlehurst work;" and that Malone "was the foreman that we hired that week at Hazlehurst to handle the work for us." C. A. Ellis, plaintiff, testified that Mr. F. A. Pittman referred him to Mr. Malone about the contract, saying, "any contract or agreement you make with Mr. Malone is perfectly all right." Ellis further swore that he did contract through Malone substantially as alleged in the petition. A part of his testimony was as follows: "We agreed on ninety cents an hour, . . based on the use of a one-ton truck for the first week, and then I was to put on another one." Hauling was to be done as was necessary. No specified amount was to be hauled per day. On cross-examination F. A. Pittman testified: that Malone was foreman on the job, with authority "to employ such men as we did not send from Atlanta, and hire whatever hauling we did not do ourselves, subject to the approval of the Atlanta office, . . could hire a man or a truck by the hour or by the day, . . but could not make a contract;" that he did not tell Ellis that any contract he might make with Malone would be satisfactory; and that neither witness nor the Construction Company ever ratified the contract made by Malone with Ellis.

There would be no profit in setting out all the evidence in the record. Suffice it to say that the jury had the right to conclude, from the testimony of Pittman and Ellis, that the alleged contract was actually made, and that it was binding upon the Pittman Company, and, from the other testimony, that it was breached, and Ellis damaged in the amount of the verdict. The court properly overruled the general grounds of the motion for a new trial. See, in this connection, *Bass Co.* v. *Granite City Mfg. Co.,* 119 *Ga.* 124 (45 S. E. 980); *Nunez Gin & Warehouse Co.* v. *Moore,* 10 *Ga. App.* 350 (73 S. E. 432); *Germain Co.* v. *Bank of Camden County,* 14 *Ga. App.* 93, 94 (80 S. E. 302).

In special ground 1 it is contended that the court erred in permitting the plaintiff to testify that the agreement was that he was to put on another truck at the end of the week. The purport of the contract was that Ellis was to do the necessary hauling, and we do not see that the defendant was injured in any way by the testimony referred to.

Special ground 2 is that the plaintiff was allowed to testify how he prepared a truck-body for hauling, over the objection that what was done to prepare for carrying out the alleged contract threw no light on the questions at issue. We fail to see how this evidence was relevant, but we are quite sure that it was not sufficiently harmful to warrant a new trial.

Special ground 3 is that the suit was on a contract for the use of one truck, and that the court erred in allowing Ellis to testify that he was to be paid "ninety cents per hour for each truck, one truck the first week, and after that two one-ton trucks," over the objection "that the suit was on a contract for the use of one-ton truck, as shown by the pleadings." It appears from the pleadings that "the price ninety cents per hour was based on the time of a one-ton truck," not that only one truck was to be used. There is no merit in this exception.

Special ground 4 complains of the admission of certain evidence because "there was no evidence showing agency that would authorize Malone to make a contract for Pittman Company." There was evidence to show such agency, as has been pointed out in our discussion of the general grounds, and there is no merit in this exception.

There is no merit in special ground 5, complaining of the court's

refusal to direct a verdict for the defendant, because the evidence failed to show any contract between the parties. Our conclusion that the general grounds were properly overruled controls this ground. Moreover, a refusal to direct a verdict is never error.

Special ground 6 complains of the court's refusal to grant a mistrial, because, in the course of argument of counsel upon a legal proposition, the court remarked that if a corporation held out a man as agent and was not bound by that agent's contract, the public could be defrauded. We can not tell from the exception what particular contention of counsel elicited the court's statement, or whether counsel's argument warranted it. As a proposition of law the statement is not unsound, and we hold that it did not require the court to declare a mistrial of the case.

Special ground 7 complains of the failure of the court, without request so to do, to charge as follows: "Plaintiff bases his right to recover upon an express contract which is entire and indivisible, and he can not recover unless he. has performed all of his obligations under the contract." In the light of the charge as a whole, there is no merit in this ground.

Special ground 8 complains that the court erred in failing to instruct the jury, without any request so to do, that it was the duty of the plaintiff to try to lessen his damage "by the legitimate use of said truck and driver." The burden was upon the defendant to plead and prove any diminution of damages (*Mimms* v. *Betts Co.,* 9 *Ga. App.* 718, 72 S. E. 271); and the defendant having failed to do so, it was not error for the court to fail to charge that principle of law. There is no merit in this ground because of its averments that the excerpt from the charge referred to therein set out a different contract from that declared upon, or because it was tantamount to directing a verdict for the plaintiff.

Special ground 9 complains that the court erred in charging the jury that if Pittman was the only authorized agent of the company to do the .work referred to in the pleadings, and Ellis approached him for the job of hauling, and Pittman told Ellis that any contract he might make with Malone would be all right, and that such contract was actually entered into between Ellis and Malone, the Pittman Company would be bound by the contract, and would be liable for damages for the breach of it. It is contended that this charge "limited the jury in finding that Pittman

was the duly authorized agent to do the work, without reference to his authority to delegate power to contract for the corporation to an employee of the company." Pittman testified: "I was the officer of the company to look after the Hazlehurst work." In so far as appears from the record, he was in sole charge of the paving contract at Hazlehurst, and had power to enter into the alleged contract. If he authorized his foreman to make the hauling contract, the company was bound by such contract.

It is further insisted that the foregoing excerpt instructed the jury that Pittman was authorized to make contracts in the name of the defendant if he had been sent by the corporation to construct sidewalks in the City of Hazlehurst, "without regard to any corporate action granting such authority." Considering this excerpt in connection with Pittman's testimony, the charge is not subject to the criticism made.

The evidence supports the verdict, none of the special grounds show reversible error, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, C. J., dissents.*