[L. A. No. 11862. In Bank.—September 28, 1932.]

E. E. BARTON, Respondent, v. EL ENCANTO APART-
MENTS, INC. (a Corporation), et al., Defendants;
CATHERINE BAYNE STEPHENS et al., Appellants.

C. M. Booth, Welburn Mayock and Ralph C. Curren for
Appellants.

Kimball Fletcher for Respondent.

PRESTON, J.—Upon this appeal, in an action to recover
for alleged personal services rendered by plaintiff, as an
architect, in connection with the proposed construction of
an apartment house, a question arises as to the propriety
of the court's action in overruling, for lack of prosecution,
the demurrer of certain defendants and thereafter permit-
ting the entry against them of judgment by default.

The complaint alleges that defendant corporation pro-
posed to construct an apartment house in Hollywood at a
cost of $4,600,000, later raised to $6,000,000, and on Octo-

ber 14, 1924, entered into an agreement to employ plaintiff, as its architect and engineer, to perform various services for which he was to receive as compensation three per cent "of the actual final total cost of said apartment building", one per cent thereof being payable as follows: Two thousand dollars on November 1, 1924, to be placed in a special bank account, which was to be kept subject to plaintiff's check at approximately that figure, for the purpose of furnishing a drawing account for expenses; the remainder of said one per cent to be paid upon completion of the working plans and specifications for said building; the other two per cent compensation to be applied "upon the subscription" by plaintiff to $162,700 worth of capital stock of the corporation, carrying with it ninety-nine year leases upon eight specified apartments, which stock had a par value of $100 per share and, it is alleged, would be worth that sum, had the building plans been carried out.

The pleading further alleges that on November 1, 1924, plaintiff was ready to perform under said contract and did for nine months thereafter perform all things required of him but that defendant corporation did not build the building or otherwise keep any of its promises, aside from giving preliminary instructions and depositing $1450 to plaintiff's credit; that plaintiff expended $713.60 in performing said contract; that the cost of office space, assistants and all other expenses, in performing it to completion, would have been $29,800; that there is due, owing and unpaid to plaintiff from said defendant $150,200. The complaint further alleges, upon information and belief, that all subscribed and outstanding stock of the corporation, totaling 8,251 shares, is owned by the various stockholder defendants in the respective proportions alleged. The prayer is for judgment against the corporation in the sum of $150,200 as well as for judgment against each of the other defendants for "the portion of said $150,200 which the number of shares of said corporation set opposite the names of said defendants, respectively, in said schedule, bears to the total number of shares . . . subscribed, issued or outstanding", and for costs or other or further relief.

The defendant stockholders here appealing filed a demurrer to said complaint upon the ground that it did not state a cause of action or show how plaintiff had been

damaged in said sum, or what, if any, services he performed or what judgment was prayed against each demurring defendant and that the damage alleged was purely speculative and unascertainable. On June 21, 1927, the court made a minute order stating: " . . . for lack of prosecution, said demurrer is overruled". Almost two years later, to wit, on June 12, 1929, a judgment by default was entered awarding plaintiff judgment against defendant Dudley for $1383.49; against defendant Stephens for $131,941.53; against defendant Smith for $2,330.09 and against defendant Bollman for $1274.27. The three latter defendants appealed upon the ground that their demurrer should have been sustained for the reasons therein stated.

█ We must agree with them that the complaint offered no sound basis for a judgment in favor of plaintiff. It cannot be told therefrom whether the $6,000,000, proposed increased cost, or the $4,600,000, original proposed cost, or either of them, should serve as a basis for computing plaintiff's compensation, which was to be three per cent of the "actual final total cost" of the building. The figure named in the prayer of the complaint, $150,200, is evidently computed at three per cent of $6,000,000, less estimated expenses, $29,800. Yet it does not appear whether the $713.60 actually expended by plaintiff is included in said $29,800 estimate or whether it should be charged against the $1450 already paid nor can it be told whether the $1450 has been duly credited. Furthermore, plaintiff has not included himself in the list of stockholders of the corporation, although he alleges that two per cent of his compensation was to be applied upon his "subscription" to "$162,700 par value of shares of capital stock" of the corporation. The par value of the stock is alleged at $100 per share, but it does not appear whether plaintiff was to pay that sum for it; hence it cannot be told how many shares he subscribed for or what his proportionate liability as a stockholder would be. Moreover, the complaint fails to plead the existence of a permit from the commissioner of corporations authorizing a sale of corporate stock, upon terms providing that plaintiff subscribe to a portion thereof; hence his contract may have been wholly void.

It is unnecessary to discuss the above and other uncertainties of the pleading at greater length. Enough has been

said to show that the court's action in overruling the demurrer must have been predicated solely upon the ground stated in its order, to wit: "lack of prosecution". ▮ But want of prosecution will not authorize the dismissal of a demurrer, which, whether or not a defendant appears to urge it, raises an issue of law and that issue of law must be decided. (*Philip* v. *Durkee,* 108 Cal. 300 [41 Pac. 407]; *Winchester* v. *Black,* 134 Cal. 125 [66 Pac. 197].) The action of the court was, therefore, erroneous and the judgment entered for plaintiff must be reversed. It is so ordered.

Tyler, J., *pro tem.,* Shenk, J., Waste, C. J., Langdon, J., and Curtis, J., concurred.

Rehearing denied.