## 25860.   CURTIS *et al. v.* BURNEY.

STEPHENS, P. J.   1. On the trial of a suit in which the plaintiff alleged that he was employed to draw plans and specifications for the building of a house for the defendants, that the plaintiff was to have supervision of the building and construction of the house, and the defendants were to pay him $30 a week for his services, that the defendants without cause dispensed with the services of the plaintiff before the completion of the building of the house, and that the defendants were indebted to the plaintiff for drawing the plans and specifications and for damages for breach of contract in dispensing with the plaintiff's services, where there was evidence to authorize the inference that the defendants had employed the plaintiff to draw the plans and specifications, had employed the plaintiff "to build the house" and were to pay the plaintiff $30 a week for his services, that the plaintiff made the plans and specifications and went to work on the house, that before the completion of the building of the house the defendants dispensed with the services of the plaintiff and employed some one else who completed the house, that the person employed to complete the building of the house completed it in nine weeks, and that the work which the plaintiff did on the house was done in a workmanlike and first-class manner, and the evidence authorized the inference that the plaintiff drew the plans for the defendants, that the defendants had agreed to pay therefor, that the plaintiff had a contract with the defendants by which the defendants had employed the plaintiff to complete the building of the house for $30 a week, and the plaintiff had agreed to furnish his services to complete the building of the house, and that before the completion of the house the defendants breached the contract by dispensing with the plaintiff's services, the court did not err in submitting, in the charge to the jury, the consideration of the question as to whether there was a definite binding contract between the parties by which the plaintiff had been employed by the defendants to build and finish the construction of the house and that the defendants had breached the same to the plaintiff's damage.

2. A juror may be a competent witness in a case in which he sits as a juror. *Chattanooga, Rome & Columbus R. Co.* v. *Owen*, 90 *Ga.* 266 (15 S. E. 853); *Savannah, Florida & Western Ry. Co.* v. *Quo*, 103 *Ga.* 125 (2) 127 (29 S. E. 607, 40 L. R. A. 483, 68 Am. St. R. 85); *Atkins* v.

*State*, 7 *Ga. App*. 201, 203 (66 S. E. 479). There is no merit in the assignment of error that the verdict was not "the result of free and untrammeled deliberations of a fair and impartial jury," and therefore should be set aside because one of the jurors went on the witness stand and testified that he had been in the lumber and mill business a long time, had had experience in building houses and in furnishing material for the same, that he had known the plaintiff since the witness had been in business, and knew the plaintiff to be a well-qualified and expert workman, that the witness lived across the street from the house of the defendants and saw it every day and had occasion to observe the work which the plaintiff was doing on the house, and that the work the plaintiff did on the house was done in a first-class and workmanlike manner.

3. The evidence authorized the verdict for the plaintiff, and no error appears.        *Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 20, 1937.

*Alec Harris,* for plaintiffs in error.
*Maddox & Griffin,* contra.