35253. FOLSOM *v.* SUMMER, LOCATELL & CO., INC.

DECIDED SEPTEMBER 27, 1954.

*W. Neal Baird, Hurt, Gaines & Baird,* for plaintiff in error.
*Smith, Field, Doremus & Ringel, Ogden Doremus,* contra.

FELTON, C. J. ■ Code (Ann. Supp.) § 84-302 (Ga. L. 1952, pp. 457-461) provides: "Except as otherwise provided in this Chapter, no person shall practice architecture in the State of Georgia or use the title 'architect' or 'registered architect' or any words, letters, figures, or any other device indicating or intending to imply that he or she is an architect without having qualified as required by this Chapter." It is contended that this law prohibits the use of the word "architect" by a corporation. We do not so construe the law. While the word "person" may include a corporation (Code § 102-103), that word as used in this instance is modified by the pronouns "he" and "she", which restricts the meaning of the word as used in the law and compels the construction that the word "person" used in its context means natural persons only. If the General Assembly had intended to include corporations in the meaning of the word "person" as used, it could easily have included the pronoun "it" with the pronouns "he" and "she" or it could have, instead of using any pronouns at all, used the words "such person." It would be stretching the meanings of the unambiguous personal pronouns "he" and "she" to hold that they include an artificial person, especially when we all have at our disposal the use of the impersonal pronoun "it", the very existence of which in our grammar is to describe nonnatural persons and impersonal objects. There is no prohibition in the law against the plaintiff using the title "architects and engineers" in its contracts.

■ The defendant contends that the contract sued on is too vague and indefinite to be enforceable, because all that is agreed to is the building of "one tourist court or motel, containing 72 units and located at Langley, South Carolina." We do not so construe the contract. It provides: "Witnesseth, that whereas the owner intends to erect one tourist court or motel, containing 72 units and located at Langley, South Carolina, hereinafter called the work, now, therefore, the owner and architect, for the consideration hereinafter named, agree as follows: The architect

agrees to perform, for the above-named work, professional services as hereinafter set forth. The owner agrees to pay the architect for such services a fee of 5 percent of the cost of the work, with other payments and reimbursements as hereinafter provided, the said percentage being hereinafter called the basic rate. The parties hereto further agree to the following conditions." Here in the contract followed twelve paragraphs comprising one and one-fourth pages. Those paragraphs were entitled: "1. The Architect's Services; 2. Reimbursements; 3. Separate Contracts; 4. Extra Services and Special Cases; 5. Payments; 6. Survey, Borings and Tests; 7. Supervision of the Work; 8. Preliminary Estimates; 9. Definition of the Cost of the Work; 10. Ownership of Documents; 11. Successors and Assignments; 12. Arbitration." The contract is for the performance of the enumerated architectural services required in the building of the motel and is definite and enforceable. It is not necessary that the contract set out the size of each room or unit, how many windows and doors each will contain, the type of plumbing, the type of materials to be used, etc. The very purpose of this contract is for the formulation of these details by the architect. Such details will be contained in the architect's plans, drawings, and specifications which, among other services, the contract provides for. If detailed plans, drawings, and specifications were in existence and had to be incorporated into this contract, there would be no need for a contract with an architect to perform these very services. The defendant's contention is without merit.

The court did not err in overruling the demurrers to the amended petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*