40335. SOUTHERN LAND, TIMBER & PULP CORPORATION v. DAVIS & FLOYD ENGINEERS, INC.

DECIDED JANUARY 9, 1964—REHEARING DENIED FEBRUARY 26, 1964.

*Hugh M. Dorsey, Jr., Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., Dent Acree,* for plaintiff in error.

*Gambrell & Mobley, David H. Gambrell, Mays & Mays, Marshall T. Mays,* contra.

EBERHARDT, Judge. ■ Can the contract, as alleged here, withstand a demurrer attacking it on the basis of vagueness and indefiniteness? The defendant insists that uncertainty exists in four specifics, viz.: time for performance; when plaintiff's employees were to work; who would furnish the tools; and, the time for payment. On the other hand, plaintiff contends that the contract, being one for the professional employment of engineers, would of necessity be somewhat indefinite and that these contracts cannot be drawn with the exactness of ordinary trade agreements.

There is a dearth of cases dealing with engineers and their professional contracts but we think an excellent analogy can be found in the more abundant architects' cases. Georgia courts have generally grouped the two[1] and usually architects have

---

[1] See *Housing Authority of the City of Carrollton v. Ayers,* 211 Ga. 728, 733 (6) (88 SE2d 368) and *Bodin v. Gill,* 216 Ga. 467, 472 (1) (117 SE2d 325) where the language "persons performing architectural, engineering, and other professional and skilled services" is used.

some engineering training and often perform engineering services.

An architect's contract case that directly supports plaintiff's theory is *Folsom v. Summer, Locatell & Co.*, 90 Ga. App. 696 (83 SE2d 855). There the original record shows that the court was dealing with a standard American Institute of Architects' Contract containing the following operative provision:

"1. The Architect's Services.—The Architect's professional services consist of the necessary conferences, the preparation of preliminary studies, working drawings, specifications, large scale and full size detail drawings, for architectural, structural, plumbing, heating, electrical, and other mechanical work; assistance in the drafting of forms of proposals and contracts; the issuance of certificates of payment; the keeping of accounts, the general administration of the business and supervision of the work." Plaintiff, having completed its services, declared on the contract seeking recovery of the fees as specified in it. In dealing with a vagueness and indefiniteness attack similar to that made here, Chief Judge Felton said: "The contract is for the performance of the enumerated architectural services required in the building of the motel and is definite and enforceable. It is not necessary that the contract set out the size of each room or unit, how many windows and doors each will contain, the type of plumbing, the type of materials to be used, etc. The very purpose of this contract is for the formulation of these details by the architect. Such details will be contained in the architect's plans, drawings, and specifications which, among other services, the contract provides for. If detailed plans, drawings, and specifications were in existence and had to be incorporated into this contract, there would be no need for a contract with an architect to perform these very services." *Folsom v. Summer Locatell & Co.*, supra, p. 698.

We view this direct holding as controlling. Certainly the contract here is no less definite than that involved in *Folsom*. Further support may be found in *Curtis v. Burney*, 55 Ga. App. 552 (1) (190 SE 866). There plaintiff was employed to draw plans and specifications and supervise construction of a house at $30 per week. After the plans were drawn and construction begun, defendant dispensed with plaintiff's services and com-

pleted the house under another's supervision. Plaintiff was allowed recovery of $30 a week for the nine weeks it actually took to complete the house after his discharge.

Architects' cases from a number of other jurisdictions support this conclusion. Barton v. El En-Canto Apts., Inc. (Cal. App.) 6 P2d 1009, rev'd on other grounds, 216 Cal. 503 (14 P2d 499); Johnson & Burns, Inc. v. Hayden, 98 Conn. 185 (119 A 50); Gaffney v. Switow, 211 Ky. 232 (277 SW 453); Wilkinson v. Orange Mountain Land Co., 103 N.J.L. 683 (137 A 591); Welch Mfg. Co. v. Herbst Dept. Store, 53 N.D. 42 (204 NW 849); Jacobberger v. School Dist. No. 1, Multnomah County, 122 Ore. 124 (256 P 652); Sauer v. School District, 243 Pa. 294 (90 A 150); Page v. Harlingen School District (Tex. Civ. App.) 23 SW2d 829, rev'd on other grounds (Tex. Com. App.) 48 SW2d 983; Gould v. McCormick, 75 Wash. 61 (134 P 676). 1 Hudson on Building Contracts, Part IV, § 23 (4th Ed. 1914) states the English common law view to be in accord. And see Annot. 20 ALR 1356. Professor Corbin states: "If one contracts to produce a definite result, he is none the less bound because the means of producing that result are left to his own discretion." 1 Corbin on Contracts § 100, p. 452 (1963 Ed.).

On the specific issues raised by the defendant, the holding and rationale in *Wolf v. Arant*, 88 Ga. App. 568 (77 SE2d 116) would appear to be controlling. There it was said, at p. 571 in ruling on a demurrer raising the vague and indefinite points: "There is a general proposition that that is certain which may be made certain. With respect to contracts, a contract calling for the payment of a sum of money or performance of an indefinite amount of service is sufficient where the key for the determination of the sum to be paid or the service to be rendered is contained in the contract. *Cohn & Co. v. Brown*, 7 Ga. App. 395 (1) (66 SE 1038); *Anderson, Clayton & Co. v. Mangham*, 32 Ga. App. 152 (123 SE 159). If no time is specified for performance, performance is due immediately or within a reasonable time after the contract is made." See, 6 EGL 87, Contracts, § 4. "Nor is it necessary that a contract shall state definitely and specifically all facts in detail to which the parties may be agreeing, but as to such matters it will be sufficiently

definite and certain if it contains matter which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties intended to bind themselves." *Dorsey v. Clements,* 202 Ga. 820, 824 (44 SE2d 783, 173 ALR 509). Accord, *Milton Frank Allen Publications v. Ga. &c. Retailers,* 219 Ga. 665, 672; *Leffler v. Dickerson,* 1 Ga. App. 63 (1) (57 SE 911). These contracts had sufficient elements by which the amount to be paid can be determined in that the overall scope of the project is clearly delineated and the amount to be paid for the services of the separate classifications of people is specifically set out. Furthermore, the petition alleges that the mill is substantially complete and thus the actual performance of other engineers would also serve to provide a measure. See, *Curtis v. Burney,* 55 Ga. App. 552 (1), supra. The specifics of these matters are, however, evidentiary in nature and nothing further need be said here. The answer to the question of who would furnish the tools seems apparent. The engineers are contracting to do the job and it is their responsibility, in the absence of agreement otherwise. As for time of payment, if nothing is specified in the contract, the time is at the completion of the contract. *Marsh v. State Hwy. Dept.,* 216 Ga. 54 (2) (114 SE2d 411); *Luckie v. Max Wright, Inc.,* 90 Ga. App. 243 (1) (82 SE2d 660).

The contracts alleged in both counts here are not too vague and indefinite to be enforced.

■ Defendant also asserts as a ground for sustaining its general demurrer that all of the damages are too speculative and impossible to ascertain. The measure of damages cannot be attacked by general demurrer unless none of the damages can be recovered. *Hodges v. Georgia Kaolin Co.,* 108 Ga. App. 115, 119 (2), 121 (132 SE2d 86) and citations.

The measure alleged here is the difference between the total cost of the work under the contract and what the cost of performance would have been to plaintiff. Under the Georgia cases, this is the proper measure. *Wallace v. Tumlin,* 42 Ga. 462 (4); *Jones v. Ely,* 95 Ga. App. 4 (3) (96 SE2d 536); *Luckie v. Max Wright, Inc.,* 90 Ga. App. 243 (3), supra; *Curtis v. Burney,* 55 Ga. App. 552, supra; *Pittman Construction Co. v.*

*Ellis,* 39 Ga. App. 490 (147 SE 420). The foreign authority cited in Division 1 of this opinion, supra, also supports this measure.

Thus, this argument is reduced to a variation of the vague and indefinite issue discussed in Division 1, supra, and the rationale there largely answers the question. The allegations of the petition specifically set out the amount of engineering services necessary to complete plaintiff's performance and the actual cost to the plaintiff of the services. These allegations must be taken as true if they have any basis in probability. Based on them, the damages are "capable of exact computation" (*Sanford-Brown v. Patent Scaffolding Co.,* 199 Ga. 41, 33 SE2d 422) and are therefore recoverable.

This disposition controls renewed special demurrer 4 to both counts.

■ *The Special Demurrers.* All of the demurrers were overruled.

(a) One special demurrer seeks to have plaintiff declare whether or not the contracts were in writing and, if so, to have copies of the contracts attached to the petition. Another is on the ground that since it does not appear from the petition that the contract was in writing it affirmatively appears that it is void and unenforceable under the statute of frauds.

That it would have been perfectly proper to attach copies if the contracts were in writing is clear from *Code* § 81-105, and we are of the opinion that it would have been a desirable rule to *require* it[2] unless it be alleged that the contract was prepared by the defendant or that the original, a duplicate or copy is in its possession—so that the defendant might have opportunity to examine every detail of its provisions in preparing its defense. This would seem to be a fair, legitimate and proper office of the special demurrer. See *Oxford v. Shuman,* 106 Ga. App. 73, 79 (3) (126 SE2d 522). But lines of cases both in the Supreme

---

[2]The logic of doing so seems well illustrated in the rule that provisions of the exhibit prevail over those of the petition, if conflicting. *Houston v. Pollard,* 217 Ga. 184, 189 (121 SE2d 629).

Court and this court, dating from times when pleadings were drafted in longhand and this requirement was doubtless thought to be a burdensome one, settle the matter otherwise.

The defendant cannot require a plaintiff to allege whether or not the contract sued on is in writing. *Allen & Holmes v. Powell*, 125 Ga. 438 (54 SE 137); *Montgomery v. Alexander Lumber Co.*, 140 Ga. 51 (1) (78 SE 413); *Georgia, F. &c. R. Co. v. Parsons*, 12 Ga. App. 180 (1) (76 SE 1063); *Kiser Co. v. Padrick*, 30 Ga. App. 642 (1) (118 SE 791); *Wade v. Hopper*, 89 Ga. App. 87, 90 (3) (78 SE2d 809). And if the petition carries a statement of the stipulations, provisions or the substance of the contract it is not necessary that a copy be attached. *Mercier v. Copelan*, 73 Ga. 636 (3); *Gibson v. Robinson*, 90 Ga. 756 (1) (16 SE 969, 35 ASR 250); *Penn Tobacco Co. v. Leman & Co.*, 109 Ga. 428 (3) (34 SE 679); *Lynah v. Citizens &c. Bank*, 136 Ga. 344 (2) (71 SE 469); *Ramsey v. Langley*, 86 Ga. App. 544 (1) (71 SE2d 863). An extension of this rule has even led to the result that an amendment attaching a copy of the contract is not a material one, consequently it would neither have the effect of opening it up to further demurrer nor require the renewing of one filed prior to the amendment. *Hodson v. Scoggins*, 102 Ga. App. 44 (115 SE2d 715).

A reading of the cases cited will reveal that generally the courts were dealing with demurrers upon the same or substantially the same grounds as are urged here. For example, in *Ramsey v. Langley*, 86 Ga. App. 544, 548, supra, the court asserted: "Treating count one as a suit upon the note, we are confronted then with the question of whether or not the court erred in sustaining the special demurrer requiring the plaintiff to attach a copy of the note to his petition. . . . In paragraph 4 of the petition it is alleged that the note was made by the defendant to the plaintiff on September 15, 1948, and it presumably bore that *date;* it is alleged that the note was in the original *amount* of $1300; it is alleged that the note is payable in monthly installments of $50, and presumably each installment *matures* on the day of the month on which it falls due; and it is alleged that the note is to bear *interest* at the rate of eight percent from maturity. These allegations make a

sufficient statement of the substance of the note to constitute a compliance with the provisions of *Code* § 81-105 and to render attaching a copy of the note unnecessary."

In *Georgia, F. &c. R. Co. v. Parsons,* 12 Ga. App. 180, supra, it was held not to have been error to overrule demurrers "on the grounds, among others, that the plaintiff failed to attach to the petition a copy of the contract in question, or to allege whether the contract was written or oral."

The requirement of *Code* § 81-105 is that the copy of the contract be "incorporated in or attached to the petition." If neither is done a demurrer calling for the copy should be sustained, as was held in *Beecher v. Carter,* 189 Ga. 234, 242 (4) (5 SE2d 648). This requirement, however, is met when the contents or provisions of the contract "are substantially set forth in the declaration," *Gibson v. Robinson,* 90 Ga. 756 (1), supra, or when "the terms of . . . [the] contract . . . are set forth in the petition." *Penn Tobacco Co. v. Leman & Co.,* 109 Ga. 428 (3), supra. On the contrary, where only one provision was alleged, though it was obvious from the petition that there were others, and the contract was "not substantially set forth in the petition," it was held error to overrule the demurrer, but at the same time observed "[t]his court realizes the rule that failure to attach to the petition copies of contracts, obligations to pay, or other writings, relied on as the basis of the cause of action, is not good ground of special demurrer if such instruments are set forth *in substance."* (Emphasis supplied). *Georgia, A. &c. R. Co. v. Atlantic C. L. R. Co.,* 79 Ga. App. 837, 839 (54 SE2d 492). All of the decisions cited, except *Mercier,* were rendered after the adoption of the statute codified in *Code* § 81-105.

The petition here does allege what the contract declared upon provided and sufficiently meets the rule of these cases.

As to the ground of the demurrer that since it did not appear from the petition that the contract was in writing and that thus it did appear that it was void under the statute of frauds, "[i]f the contract is of a kind required by the statute of frauds to be in writing, the presumption is that it was in writing." *Georgia, F. &c. R. Co. v. Parsons,* 12 Ga. App. 180 (1), supra. "It

not appearing upon the face of the petition that the contract was in parol, no question as to a compliance with the statute of frauds is involved on demurrer." *Kiser Co. v. Padrick*, 30 Ga. App. 642 (1), supra.

The overruling of these demurrers was proper.

(b) A number of special demurrers attack as "irrelevant and immaterial, and highly prejudicial" the allegations concerning the services rendered by plaintiff prior to the alleged breach. We think that these are allegations of inducement which, while merely serving to show the history of the case, are pertinent to the alleged cause of action. *Roswell Apts. v. D. L. Stokes & Co.*, 105 Ga. App. 163, 166 (3) (123 SE2d 682). It is not improper to plead matters showing the history of the case or matters of inducement, and less certainty is required as to these than in setting out the gist of the action. *Woodruff v. Hughes*, 2 Ga. App. 361, 365 (58 SE 551); *Delta Air Corp. v. Porter*, 70 Ga. App. 152 (27 SE2d 758). Another demurrer seeks to have plaintiff specify the work actually completed under the contract and the names of those doing the work. The work done is set out elsewhere in the amended petition and the names of those performing the work is evidentiary.

(c) Defendant seeks to have the specific offices held by named persons in plaintiff's employ, which persons are alleged to have been "officers and agents . . . authorized to enter into said contract on behalf of petitioner, and then and there acting within the scope of their said employment." Where, as here, there has been a recognition of the contract by both parties in the partial performance by one accepted by the other this factitious demand need not be met. Moreover, "[a] general allegation of the execution of a contract is sufficient," *Georgia, F. &c. R. Co. v. Parsons*, 12 Ga. App. 180 (1), supra, and "[a]n averment that an agent was 'duly authorized' to act for his principal is not objectionable as being a conclusion." *Kiser Co. v. Padrick*, 30 Ga. App. 642 (13), supra.

(d) A number of demurrers seek to have plaintiff allege the number of employees in its employ and their particular jobs and skills. These are evidentiary facts which it is unnecessary to plead. *Oxford v. Shuman*, 106 Ga. App. 73, 84,

supra, and citations. In addition, one of these demurrers is imperfect in that only a portion of it is good. *Oxford v. Shuman,* 106 Ga. App. 73, 84, supra.

Another demurrer was eliminated because the language at which it was directed was changed by amendment. Thus, no ruling is required.

All of the demurrers were properly overruled.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Frankum, Hall, Russell and Pannell, JJ., concur. Felton, C. J., dissents in part. Jordan, J., disqualified.*

FELTON, Chief Judge, dissenting in part. I concur in all of the rulings except the ruling in Division 3 (a), and I dissent from that ruling and the judgment of affirmance. Demurrer number 2, filed by the defendant, is as follows: "2. Defendant demurs specially to said petition on the ground that plaintiff does not state therein whether the contract declared upon was in writing or in parol, and on the further ground that if said contract was in writing plaintiff has failed to attach a copy to said petition." Special demurrer number 3 filed by the defendant is as follows: "3. Defendant demurs specially to said petition on the ground that it does not appear from said petition that the contract declared upon was in writing, and for that reason it affirmatively appears from said petition that said alleged contract is void and unenforceable under the statute of frauds." There is a serious question whether the services allegedly contracted for could not possibly be performed within one year, but the demurrers reach the point that the defendant is entitled to have a copy of the contract attached to the petition whether the alleged contract came within the Statute of Frauds or not. If the contract was not within the Statute, the defendant is entitled to have the contract attached if it is in writing. If the contract is within the Statute of Frauds, the defendant is also entitled to have a copy of the contract sued on attached to the petition. *Code* § 81-105 provides: "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon. In suits to recover money on an insurance policy it shall be necessary to

attach a copy of only what appears upon the face or in the body of the policy. In suits on account a bill of particulars should be attached. In actions for the recovery of land the plaintiff must attach an abstract of his title. (Acts 1887, p. 64.)" The cases cited in the majority opinion are not authority for the ruling by the majority. It is true that where a contract is required to be in writing it is not a ground of demurrer that the petition does not allege whether it is in writing or not for the reason that the law presumes that it is in writing, *but an objection that there is no allegation that a contract is in writing is not the same thing as an objection that a copy of the contract is not attached to the petition.* I think the majority is confused by the rulings of both of the appellate courts to the effect that a written contract, *admittedly sued upon,* need not be attached if it is sufficiently set out in the petition. *Code* § 81-105, catchword "Contract." In this case the petition does not show that it is the intention of the plaintiff to sue upon an admitted contract in writing, the substance of which is alleged in the petition. *Kiser Co. v. Padrick,* 30 Ga. App. 642 (15), supra, holds that it is not a good ground of demurrer that no copy of the contract was attached to the petition. This case cites *Lynah v. Citizens &c. Bank,* 136 Ga. 344 (2) (71 SE 469) and *Dotson v. Savannah &c. Canning Co.,* 140 Ga. 161 (1) (78 SE 801). The *Lynah* case, supra, involved an action which admittedly relied upon writings as a basis for recovery which is not true in the *Kiser* case. The *Dotson* case, supra, also involves an action based on an admitted written contract. Since the ruling in the *Kiser* case, supra, is in conflict with *Code* § 81-105, the Code section must prevail. *The question in this case seems to me to be conclusively settled in principle, at least, by the ruling of the Supreme Court in Beecher v. Carter,* 189 Ga. 234 (4) (5 SE2d 648).

The cases holding that in the field of pleading the law presumes that a contract within the Statute of Frauds is in writing is unsound because often they are not in writing. Such a presumption is not conclusive and often prolongs litigation which could have been ended by the requirement of proper pleading. If *Kiser Co. v. Padrick,* 30 Ga. App. 642, supra, is the law we may as well tear section 81-105 out of the Code. How can a

defendant obtain his rights under this Code section unless he can ascertain whether the contract sued on is in writing or not?