7924.   BRYANT *v.* ATLANTIC COAST LINE RAILROAD
CO.

1. The plaintiff's petition sets forth a cause of action, and the court erred in dismissing it on demurrer. *Southern Ry. Co.* v. *Wood,* 114 *Ga.* 159, 161 (39 S. E. 922) ; *Central of Georgia Ry. Co.* v. *Gortatowsky,* 123 *Ga.* 366 (51 S. E. 469).

2. The suit is by a passenger against a railroad company, the alleged cause of action being the tortious and continuous failure to provide for the plaintiff's comfort while a passenger, the journey commencing at a point within this State and terminating at a point without this State. *Held:* The county in which the transportation and the alleged injuries commenced is not a wrong venue for the action. Civil Code of 1910, § 2798; *Southern Ry. Co.* v. *O'Brien,* 112 *Ga.* 127 (37 S. E. 161) ; *Central of Georgia Ry. Co.* v. *Dorsey,* 116 *Ga.* 719 (42 S. E. 1024) ; *Atlantic Coast Line R. Co.* v. *Powell,* 127 *Ga.* 805 (56 S. E. 1006, 9 L. R. A. (N. S.) 769, 9 Ann. Cas. 553) ; *Owens* v. *Nichols,* 139 *Ga.* 475 (77 S. E. 635) ; *Friedman* v. *Seaboard Air-Line Ry.,* 124 *Ga.* 472 (52 S. E. 763).

3. Where a petition sets forth matter which it is not legally necessary to plead, but which is nevertheless pertinent to the alleged cause of action and which would upon the trial be proper matter for proof, such matter is not subject to demurrer based upon the ground that it is irrelevant. What is germane can not be irrelevant, even though it may not be essential to plead it. The trial court therefore erred in sustaining the several grounds of demurrer not in accord herewith. *Reese* v. *Reese,* 89 *Ga.* 645 (15 S. E. 846) ; *S. C. & Ga. R. Co.* v. *Augusta Southrn R. Co.,* 111 *Ga.* 420 (36 S. E. 593) ; *Wilder* v. *Wilder,* 138 *Ga.* 573 (75 S. E. 654).

4. Where the ticket agent of a railroad company, while acting within the apparent scope of his authority, negotiates with a prospective passenger for transportation and for sleeping-car berths on one of the company's trains regularly affording such service and comforts to the public, the passenger may rely upon the agent's apparent authority, and is not required to communicate with the principal and verify the agent's actual authority. The petition in this case having alleged such a transaction between passenger and agent, it was not subject to demurrer on the ground that it was not made to appear that the agent's acts were in fact within the scope of his authority. Civil Code of 1910, § 3595; *Milledgeville Water Co.* v. *Edwards,* 121 *Ga.* 555 (49 S. E. 621) ; *Central of Georgia Ry. Co.* v. *Gortatowsky,* supra.

5. The other grounds of the demurrer are without merit.

DECIDED MARCH 20, 1917.   REHEARING DENIED APRIL 4, 1917.

Action for damages; from city court of Blakely—Judge Sheffield.   October 20, 1916.

*Glessner & Collins,* for plaintiff.   *Pope & Bennet,* for defendant.

LUKE, J.   The suit was instituted in the city court of Blakely, in the county of Early.   The defendant filed demurrer, which the

trial judge sustained, dismissing the suit; and the plaintiff ex-
cepted. The petition shows the following facts: The defendant
company operates a line of railroad from Montgomery, Alabama,
to Jacksonville, Florida, passing through the town of Jakin, in
Early county, Georgia, at which point the company maintains a
station in the charge of a local agent, whose office is open during
the day and closed at night. One of the regular passenger-trains
operated by the company over this line of road, and scheduled to
arrive at Jakin at 11:30 o'clock at night, carries a sleeping-car,
wherein, upon paying additional fare, passengers are afforded ad-
ditional comforts. The plaintiff, who was 61 years old, feeble
and suffering from hay fever, hoped to improve his health by a
trip to Homestead, Florida, provided he could obtain the addi-
tional comforts afforded by the sleeping-car from Jakin to Jack-
sonville in taking the contemplated journey; and he desired like
accommodations for his sister, 64 years of age, who was to accom-
pany him as nurse. He applied to the local agent at Jakin for
such transportation and accommodations, making known to the
agent that he would not take the trip unless he could obtain the
additional comforts afforded by the sleeping-car. The agent re-
plied that, as the train in question passed Jakin at night while his
office was closed, he could not sell the desired tickets, but that if
the plaintiff would make application in the forenoon, he (the local
agent) would telegraph to the company's agent at Montgomery,
and have two berths in the sleeping-car reserved, and that the
plaintiff could then pay the regular fare and the sleeping-car fare
to the conductor on board the train. On the following morning
the plaintiff made such an application, and the local agent tele-
graphed to the Montgomery agent, who replied that the two berths
desired by the plaintiff had been reserved and would be held for
him. Relying on these assurances, the plaintiff and his sister
boarded the train, which stopped only upon being flagged and only
long enough for them to board it. He then gave the conductor his
name, and told the conductor of the agreement with the local
agent, tendered the stipulated fare, and demanded the two berths
which he had been assured would be reserved for him. The con-
ductor refused to accept the sleeping-car fare or to allow the
plaintiff the benefit of its comforts, claiming that no berths had

been reserved and that all berths were occupied by other passengers, which claims were untrue, the berths having in point of fact been reserved by the Montgomery agent, but having been sold by the conductor to other passengers while en route from Montgomery to Jakin. The plaintiff was accordingly forced to go into one of the ordinary day coaches of the defendant and sit up during the night and until the arrival of the train at Jacksonville, about eight o'clock on the following morning, and, as a result, suffered intense pain and agony during the long journey, his malady being greatly aggravated by the fatigue and exposure incident to the long ride in the day coach, without any opportunity for sleep or needful rest or composure. Other injuries are specially pleaded. It is alleged that the defendant's wrongful failure and refusal to furnish the plaintiff with a berth in its sleeping-car, as it had through its said agents contracted with him to do, was not only the result of gross and inexcusable negligence on its part, but was due to the wanton, wilful, and malicious conduct of its said sleeping-car conductor.

The grounds of the demurrer were: (1) No cause of action is set out. (2) The petition fails to show that the court has jurisdiction of the cause of action sued on. (3) Various specified portions of the petition were demurred to as "irrelevant." (4) The 11th paragraph, as to the plaintiff's being forced to go into an ordinary day-coach, was demurred to on the ground that it is not alleged how or why the plaintiff was so forced. (5) The 16th paragraph, as to the defendant's having through its agents contracted to furnish the plaintiff a berth, and as to negligence, was demurred to on the ground that it is not shown through what agent the contract was made, or what negligence is referred to; the allegation as to the conduct of the sleeping-car conductor being wanton was demurred to on the ground that it is not shown wherein said conduct was wanton. (6) It does not appear that the said local agent at Jakin was acting within the scope of his authority. (7) It is not alleged where the transaction between the plaintiff and the sleeping-car conductor occurred.

1-5. The petition set forth a cause of action, and was not subject to demurrer on any of the grounds stated. Authorities in point appear in connection with the headnotes. The demurrer

should have been overruled upon each and every ground thereof, and the court erred in sustaining the demurrer and dismissing the suit.

*Judgment reversed. Wade, C. J., and George, J., concur.*