9149.   ATLANTIC COAST LINE RAILROAD COMPANY *v.* NEVES, administrator.

The motion to reinstate the motion for a new trial was properly overruled, as it showed no legal or equitable ground which would authorize the court to set aside the judgment dismissing the motion for a new trial

DECIDED FEBRUARY 20, 1919.

Motion for a new trial; from city court of Blakely—Judge Sheffield. May 16, 1917.

*Pope & Bennet, A. H. Gray,* for plaintiff in error.
*Glessner & Collins,* contra.

BLOODWORTH, J.   This case was before this court at the March term, 1917, on exceptions to a judgment in the city court of Blakely sustaining a demurrer to the petition, which judgment was reversed.

See 19 *Ga. App.* 536 (91 S. E. 1047), where the substance of the petition is set forth. Upon the trial of the main case there was a verdict for the plaintiff for $500. The defendant made a motion for a new trial, which was set for hearing on June 18, 1917. On June 16, 1917, John D. Pope, a member of the firm of Pope & Bennet, division counsel for the railroad, received from the court reporter a transcript of the record of the trial of the case. When the motion for new trial was called on June 18th there was no appearance for movant, and the motion for new trial was dismissed. On the first day of the next term of the city court a motion to reinstate the motion for a new trial was filed, in which it was alleged that John D. Pope, of counsel for the railroad, had entire control for the movant of the motion for a new trial; that at the time said motion for new trial was set for a hearing his partner, Bennet, was engaged in the Supreme Court, and that the local counsel, Gray, had then no connection with the case; and alleging further that because of certain reasons stated in the petition, and which need not be repeated here, the said Pope was in great distress of mind and his mental and physical efficiency was impaired, which neither Pope nor his partner realized, and on account of which his client was entitled to a continuance of the hearing of the motion for a new trial; and that "by reason of the foregoing facts, and by reason of the great distress of mind under which he was suffering, the said Pope entirely overlooked the fact that said hearing was to be had on said 18th day of June, and therefore overlooked the fact that he should make a showing before the court and ask for a continuance of said hearing until he could complete said brief of evidence." The petition was demurred to on the grounds: (*a*) The city court of Blakely was without jurisdiction to set aside the judgment. (*b*) The motion to reinstate set forth no legal or equitable grounds authorizing the court to set aside the judgment. (*c*) The attorneys for the railroad were chargeable with lack of diligence in not prosecutiing said motion for new trial at the June term of court, and in not then and there pressing their grounds for a continuance of the hearing of the motion. The demurrer was sustained and the petitioner excepted to this ruling.

Granting that the motion to set aside the judgment dismissing the motion for a new trial was made in time, and that the city court of Blakely had jurisdiction to entertain it, we think the

demurrer to the motion to reinstate was properly sustained on the second ground thereof, which alleges: "Said motion to reinstate does not set forth any grounds, legal or equitable, authorizing the court to set aside its said judgment of dismissal, and to reinstate said motion for a new trial." The most that can be said of the allegations in the petition is that because of the "distress of mind and impaired physical condition of said Pope" he forgot, "overlooked," the fact that the motion for a new trial was to be heard on the 18th of June, and "overlooked the fact that he should make a showing before the court and ask for a continuance of said hearing *until he could complete said brief of evidence.*" (Italics ours.) There is no suggestion that at that time Pope was either mentally or physically unable to complete the brief of evidence; and if able to do this, was he not able to prepare his motion for contiuuance? On Saturday, the 16th, Pope received from the court reporter the transcript of the evidence in the case; and was not this enough to have reminded him of the hearing set for the 18th? - There is no evidence that his partner, Bennet, was not at home then, and no evidence of any sudden change in the mental or physical condition of Pope between Saturday and Monday. It is true that the petition alleges that "said distress of mind and impaired physical condition on the part of said Pope continued throughout said day on which said hearing was set to be had," and that, "by reason of the foregoing circumstances existing on the day when said hearing was set to be had, said Pope's condition of mind had become such that he was not at himself or in condition to attend to business and remember business engagements, though neither he nor his partner realized this fact." But according to the petition this condition of Pope had existed for sometime, the two partners had discussed the troubles of Pope, and Bennet had insisted that Pope should go on with his work and thus keep his mind on business affairs, "so as to keep it as much as possible from being distracted by thought of his son's circumstances, the said Bennet having no reason to suspect that said Pope's efficiency had been impaired to any extent by his said troubles." If Bennet, consulting with his said partner, did not discover or suspect that Pope's "efficiency had been impaired," then how could this be shown on a motion to reinstate the hearing of the motion for new trial? There is no suggestion in the record that Pope's condition was known to any other person, or that his

condition could be proved in any way. The fact that Pope "overlooked" the engagement was not enough to show that he was not in such a condition mentally or physically that he could not have looked after the case.

"Error will not entitle a plaintiff in error to the reversal of an adverse judgment unless he also shows that he was injured by it." There is not even an allegation in the petition that the motion for a new trial was a meritorious one. This case seems to be one in which the attorney simply forgot his engagement, and we have often heard it said that "there is no law against forgetting." To reinstate this case on the showing made would be for the court to "make a law in favor of forgetting."

Judgment affirmed. *Broyles, P. J., and Stephens, J., concur.*