24829. BURNSED *v.* SPIVEY *et al.*

DECIDED FEBRUARY 22, 1936.

*Hester & Clark,* for plaintiff in error.
*Abrahams, Bouhan, Atkinson & Lawrence,* contra.

BROYLES, C. J. Sylvester Spivey brought suit for damages against Reddy-Waldhauer-Maffett Company and M. G. Burnsed, for personal injuries resulting from his running his automobile against a parked truck owned by the defendant company and parked on the highway by defendant Burnsed. He obtained a verdict against both defendants. The defendants come to this Court by separate bills of exceptions. There is no issue as to agency, nor is there any issue arising out of agency, such as the servant deviating from the performance of the master's business, the extent of the alleged deviation, his having resumed such performance at the time of the injury, or ratification of the servant's acts by the master. The defendant Burnsed assigns error on the overruling of his general demurrer to the petition and on the overruling of his motion for a new trial.

The assignment of error on the overruling of the demurrer is without merit, as the verdict was based solely on count 3 of the petition, and, so far as is disclosed by the record, there was no demurrer to count 3. The defendant filed a general demurrer to the petition on March 3, 1934; the court overruled this on May 24, 1934; and exceptions pendente lite to this ruling were filed on June 6, 1934. The third count of the petition was added by amendment, allowed and filed, on June 16, 1934, "subject to demurrer," and the record discloses no demurrer filed thereafter. The court charged the jury that "counsel for the plaintiff have concluded, and I think correctly, that the last of these three counts summarizes and includes all of the allegations of negligence which they make against the defendants, and, therefore, the case you are trying and the case upon which you will find a verdict, is count three; or is contained in the count three. So, I don't send out with you any portion of the declaration, except this count three." The verdict was: "We the jury find in favor of the plaintiff in the sum of $1500, fifteen hundred dollars, against both defendants on the third count." Therefore, the petition as contained in counts 1 and 2, and the demurrers thereto are not considered.

The motion for new trial contains only the usual general grounds. The allegations of the petition, so far as they relate to this case, are in substance as follows: That the defendant Reddy-Wald-hauer-Maffett Company, a corporation, sold and delivered house-

hold furniture, and the defendant M. G. Burnsed, its employee, drove its truck, carrying it to his home at night, thus enabling the defendant Burnsed to reach his work early and also benefiting the company; that on the night of October 17, 1933, Burnsed left the office in the truck to go home, stopped at his home for a few minutes, and then drove on to his brother's home; that when the defendant Burnsed was coming back to his home about midnight "the gasoline in the tank of the truck became used up, necessitating the stopping of the truck. The Louisville road at this point is narrow being only 16 feet in width;" that the body of the truck, which is about 4 feet off the ground, 8 feet in width, and dark in color, was by the defendant Burnsed parked "so that the body of the truck was entirely on the highway directly in the path of the east bound traffic, being stopped with both rear wheels located on the concrete highway. The berm or shoulder of the roadway next to the concrete portion thereof on which said truck was parked, extends beyond the same a distance of about 4 or 5 feet. At the time the said truck was so parked, it was being operated by said defendant Burnsed. The truck did not have on the rear thereof, and to the left of the axis thereof, a lamp capable of displaying a red light visible for a distance of at least 100 feet from such vehicle, and had no red light thereon at all;" that the petitioner, traveling in an automobile in the same direction that the parked truck was headed, and his vision being blinded by the bright lights of an approaching vehicle, being unable to see the defendant's parked truck on account of no red light being displayed on the rear thereof, ran into the defendant's truck and sustained certain injuries; that the petitioner "was unable to stop his car in time to avoid colliding with defendant's truck, although he applied the brakes of his automobile." The petition alleged that his injuries "were due to the negligence and carelessness of the defendants jointly and severally, in the following particulars:" (a) Negligence per se in failing to have a red light at rear of the parked truck as provided by the State law. (b) Negligence per se in violating an ordinance of the county commissioners providing that no person shall park on the paved portion of a highway, outside the corporate limits of a municipality, when it is practicable to park off of the paved portion of the highway, and in no event shall park "upon any highway unless a clear and unobstructed

width of not less than 15 feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in both directions upon such highway." (c) In leaving the truck unattended and failing to station a guard to warn approaching travelers of its presence so parked on the highway. (d) In obstructing the highway without warning. (e) In failing to supply the truck with sufficient gasoline, it being the duty of the defendant Burnsed to have said truck supplied with gasoline.

The evidence introduced by the plaintiff substantiated the material allegations of the petition. It showed that the concrete road at the point where the truck was parked was only 16 feet wide; that there were 4 or 5 feet of berm or shoulder to the right of the concrete paving where the truck could have been parked; that the plaintiff was blinded by the bright light of an approaching vehicle; that he saw a very dim *white* light which appeared to be 150 or 175 yards away, and being white appeared to be a light that he was meeting (the law required vehicles to have a white light in front and a red light in the rear); that the defendant's truck was parked with all four wheels on the concrete; that "there was no red light on the rear of the truck at all;" that the right hand rear wheel of the truck was between 16 and 24 inches from the right edge of the concrete, which "threw the left hand rear wheel over into the road," and the body of the truck still further into the road; that the truck was 7 or 8 feet wide, and the road was only 16 feet wide. The plaintiff introduced photographs showing that the truck could have been parked to the right of the concrete paving. It suffices to say that the defendants introduced evidence which conflicted with that of the plaintiff and which, if it had been accepted by the jury, would have authorized a verdict for the defendants. However, the jury accepted the evidence of the plaintiff, which authorized the verdict in his favor.

It is a matter of common knowledge that the glare of bright headlights of an automobile on a public highway at night will temporarily impair the vision of the driver of an approaching automobile. The defendants knowing this, left the truck in a position where it became an instrument of danger to one traveling on the highway. Whether the plaintiff, under the existing cir-

cumstances (his vision being blinded by an approaching vehicle, and there being no red light on the parked truck), by the exercise of ordinary care could have avoided the injury to himself, was a question for determination by the jury. *Lavier* v. *Central Railroad,* 71 *Ga.* 222 (3) ; *Smith* v. *Savannah etc. Ry.,* 84 *Ga.* 698 (3, 4) (11 S. E. 455) ; *Trammell* v. *Columbus R. Co.,* 9 *Ga. App.* 98 (6) (70 S. E. 892). The questions as to the negligence of the defendant Burnsed, and the proximate cause of the injury to plaintiff, were likewise questions for the jury. *Adams* v. *Jackson,* 45 *Ga. App.* 860 (166 S. E. 258).

There was evidence to authorize the jury to find that the proximate cause of the injury was the negligent parking of the truck, at night, on the concrete portion of the public highway, without a red light on the rear of the truck, without warning, and with both rear wheels on the concrete paving which was only 16 feet wide and to the right of which there was sufficient space to park the truck; and the court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*