## 35800. HARDIN *v.* COUNCIL.

DECIDED SEPTEMBER 26, 1955—REHEARING DENIED OCTOBER 11, 1955.

724

*A. C. Felton, III,* for plaintiff in error.
*John S. Averill, Jr., Hamilton Lokey,* contra.

NICHOLS, J. ■ The defendant contends that the quoted statement in the pleadings, attributed to the defendant, adds nothing, and when considered in its entirety refutes the plaintiff's allegation of ownership of the automobile and shows ownership in the husband of the plaintiff, and therefore there is no cause of action in the plaintiff for damages to such automobile. This paragraph of the petition is not subject to this criticism. It is actually an

allegation that the defendant made the quoted statement against his interest at the time of, or shortly after, the collision. It cannot be construed as an admission by the plaintiff that she did not own the automobile, alleged elsewhere in the petition as belonging to her. "A paragraph of the petition which substantially alleges that the defendant admitted a material fact contrary to its interest is not subject to demurrer." *Zapf Realty Company* v. *Brown*, 26 *Ga. App.* 443 (6) (106 S. E. 748).

■ The defendant contends that, since the allegations of the petition show that his car was parked and the plaintiff's husband saw the bright lights of the defendant's car and did not slow down or take any precautions until after he had passed the arc of the lights of the defendant's automobile, and only then tried to avoid hitting the defendant's car, that the damage to the plaintiff's automobile arose solely from the negligence of the driver of the plaintiff's automobile.

"It is a matter of common knowledge that the glare of bright headlights of an automobile on a public highway at night will temporarily impair the vision of the driver of an approaching automobile." *Burnsed* v. *Spivey*, 52 *Ga. App.* 646, 649 (184 S. E. 410). In the case of *Adams* v. *Jackson*, 45 *Ga. App.* 860 (1) (166 S. E. 258), this court said that, where damages arose when the driver of a motor vehicle driving at an excessive rate of speed collided with a truck parked along the side of a highway, and such parked truck was extending about four feet into the highway without any visible lights, the negligence of the driver of the car which collided with the parked truck was not necessarily the sole proximate cause of the collision. Accordingly, where as here, the allegations of the petition show that the plaintiff's automobile, while being driven by her husband, collided with the defendant's automobile, which was parked in the highway with its bright lights burning and facing the driver of the plaintiff's automobile with the rear of the automobile on the wrong side of the highway so that the defendant's automobile was on both sides of the center line of the highway, it can not be said as a matter of law that the sole proximate cause of the collision was the negligent driving of the plaintiff's husband.

The petition set forth a cause of action against the defendant, and the grounds of demurrer, that the petition as amended failed

to set forth a cause of action against the defendant, and that the amendment sought to set forth a new and distinct cause of action, are without merit. Therefore, the judgment of the trial court sustaining the defendant's demurrer to the petition on each and every ground must be reversed.

*Judgment reversed. Carlisle and Quillian, JJ., concur. Felton, C. J., disqualified.*