35921.   HEGIDIO *et al. v.* CATRON.

Decided December 5, 1955.

*William H. Barber, Edward D. Wheeler,* for plaintiffs in error.
*Davis & Stringer,* contra.

TOWNSEND, J. ■ It is stated in *Mendenhall* v. *Adair Realty &c. Co.,* 67 *Ga. App.* 154, 158 (19 S. E. 2d 740) as follows: "It is a recognized rule that where the owner of property has listed it with a real-estate broker to be sold, and the broker procures a

prospective purchaser, and the owner with knowledge of this fact intervenes or sells the property to the customer or prospective purchaser procured by the broker, an inference is authorized that the broker has earned a commission and can recover it from the owner." Since the essential allegations of the amended petition, as set out in this statement of facts, affirmatively allege such a situation, the overruling of the general demurrer to the petition was not erroneous.

It is contended, however, by the plaintiffs in error that the petition fails to set forth a cause of action because, by setting up the contract of sale which was actually signed by the parties and then alleging that, upon the defendant seller stating that she would not go through with it, the plaintiff returned the deposit to the purchasers, the petition affirmatively shows that all the parties agreed to a rescission of the contract and accordingly the plaintiff cannot recover. *Vlass* v. *Walker*, 86 *Ga. App.* 742 (72 S. E. 2d 464), and *Girardeau & Saunders* v. *Gibson*, 122 *Ga.* 313 (50 S. E. 91), do not sustain such a contention, as in those cases there was no eventual sale of the property involved. It is questionable whether the act of the broker in returning the earnest money to the purchaser would have amounted to an agreement to rescind in any event, since the contract provides that in case the sale is not consummated "for reasons other than the default of buyer" the earnest money is to be refunded to the buyer, and such would have been the obligation of the broker in any event. But the broker's right to commissions did not rest upon the contract of sale between the purchaser and the seller, but rested instead upon the oral agreement between the broker and the seller plus a completion of that agreement on the part of the broker by finding a purchaser ready, willing and able to buy at the price and on the terms stipulated. The contract of sale is not essential to the right to recovery, although it may be relevant and material as evidencing facts necessary to be shown before such recovery may be had. *Reid* v. *Morrison*, 31 *Ga. App.* 613 (6, 7) (121 S. E. 860). If the rescission of the contract of sale had been had with the consent of the broker, and no new agreement had thereafter been entered into, the plaintiff, under the authority of the *Vlass* and *Girardeau* cases, supra, would not be entitled to recover. The petition alleges, however, that during the period when

the plaintiff was being retained as the defendant's agent to sell the property in question, the property was in fact sold, under terms substantially the same as those contained in the agency agreement, to prospects procured by the plaintiff. The contract of sale is strong evidence of the fact that purchasers were in fact procured by the plaintiff since the broker's right to commissions was expressly recognized therein. Within six weeks thereafter the sale was actually consummated between the same parties but the broker's right to commissions was not recognized. Accordingly, the allegations concerning the contract of sale, while not essential to the cause of action, are material and relevant on the question, among others, of whether the broker was in fact the procuring cause of the sale and as such entitled to commissions.

■ The petition as amended is in two counts, one declaring upon an express contract and the other on a quantum meruit. That this is permissible pleading, see *Kraft* v. *Rowland & Rowland*, 33 *Ga. App.* 806 (2) (128 S. E. 812). The plaintiff does not in the same count seek recovery under an express contract and on quantum meruit, and the petition was accordingly not subject to demurrer on this ground.

The trial court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*