39189, 39225.   ROSWELL  APARTMENTS,  INC.  v.
D. L. STOKES  &  COMPANY,  INC.;  and *vice versa.*

Decided November 30, 1961—Rehearing denied
December 19, 1961.

*James C. Grizzard, Henry M. Henderson,* for plaintiff in error.
*John L. Westmoreland, John L. Westmoreland, Jr.,* contra.
Nichols, Presiding Judge.  ■  The original petition sought to

recover for the breach of a contract allegedly entered into in February, 1952, the terms of which called for the plaintiff to be entitled to 5% of the gross rental on described apartment units until May 1st, 1985, in return for the plaintiff performing described services. The original petition sought to recover for the entire period of time covered by the contract after the alleged breach by the defendant while the petition as finally amended sought only to recover for the period after the alleged breach until the suit was filed.

The petition nowhere alleges whether the contract was oral or written, and under numerous decisions of this court and the Supreme Court, "When a contract within the statute of frauds is declared on, the court will presume that it was in writing, and no averment to that effect is necessary." *Coleman v. Woodland Hills Co.,* 72 Ga. App. 92, 95 (33 SE2d 20). See also *Taliaferro v. Smiley,* 112 Ga. 62 (37 SE 106); *Allen v. Powell,* 125 Ga. 438 (54 SE 137); *Montgomery v. Alexander Lumber Co.,* 140 Ga. 51 (78 SE 413). The petition as finally amended, and as originally filed, sought to recover for the breach of a contract allegedly entered into in February, 1952, and while the petition as originally drafted referred to an agreement entered into in July, 1951, such previous agreement did not constitute the basis of the present action.

The petition as finally amended alleged a breach by the defendant corporation of the contract between it and the plaintiff corporation entered into by the agents of the respective corporations in the scope of their authority. The damages sought are from the date of the alleged breach until the suit was filed, and the judgment of the trial court overruling the demurrers to the petition as finally amended was not error.

■ Prior to the filing of the present action the plaintiff sought a temporary restraining order to enjoin the defendant from the further breach of the contract. Such injunction was denied and the plaintiff dismissed such petition before the present action was filed. The plaintiff filed a special plea in the present case wherein it was claimed that the plaintiff had previously sought to recover on an inconsistent remedy (bill in equity), and the plaintiff's demurrer to such plea was sustained.

The bill in equity, attached as an exhibit to the defendant's special plea, sought to restrain the defendant from the further breach of a contract entered into in July, 1951, while the present action is based on the alleged breach of a contract allegedly entered into in February, 1952. Under the allegations of both petitions the plaintiff was to manage described apartments until May, 1985, for a consideration of 5% of the gross rentals. Both actions sought redress because of the defendant allegedly breaching an agreement whereby the plaintiff would manage the apartments; both actions were based on the alleged breach by the defendant.

In the case of *Peterson v. Lott*, 200 Ga. 390, 393 (37 SE2d 358), Justice Candler said: "It has been said that the so-called 'inconsistency of remedies' is in realty not an inconsistency between the remedies themselves, but must be taken to mean that a certain state of facts, relied on as the basis of a certain remedy, is inconsistent with and repugnant to another state of facts relied on as the basis of another remedy. If a party, therefore, invokes a remedy appropriate to a certain state of facts, and another remedy exists appropriate to a different state of facts, his invocation of the first remedy is an election. Two remedies are inconsistent if the assertion of one involves the negation or repudiation of the other." In that case it was held that after the grant of a nonsuit the plaintiff could bring a second suit in ejectment to recover the same land and the mesne profits even though his equitable title was based on a different theory in each case. One action may contain, in different counts, as many contradictory theories as to why the plaintiff may recover as there are counts in the petition. See *Hegidio v. Catron*, 93 Ga. App. 131 (91 SE2d 107), and citations, where it was held that a real-estate broker could sue in one count for commissions based on an express contract and on a quantum meruit basis in another count. The plaintiff in the bill in equity sought redress because the defendant allegedly breached the contract of July, 1951, and after dismissing such action voluntarily, according to the record, filed the present action seeking redress for the breach of the February, 1952, contract. In one action, in separate counts, the plaintiff could have alleged the breach of

each contract and under the decision in *Peterson v. Lott,* 200 Ga. 390, 395, supra, "What he may do directly may be done indirectly." Each action sought redress for the breach of the contract granting the plaintiff the right to manage the described apartments, there was no election of inconsistent remedies, and the trial court did not err in sustaining the demurrer to the defendant's special plea.

■ The plaintiff, in the cross-bill of exceptions, assigns error on the judgment sustaining certain demurrers interposed by the defendant to the plaintiff's petition.

The petition as originally filed had attached thereto certain letters from McDonough Construction Co. of Georgia, signed in its name by its president, addressed to D. L. Stokes in which the writer outlined a proposed contract for the purchase of the property on which the apartments referred to in the instant suit were later built. The terms provided in the letters were accepted by D. L. Stokes. The demurrers addressed to such exhibits and the allegations in connection therewith were sustained. The plaintiff contends that under numerous cases of this court and the Supreme Court such allegations were proper as the history of the case. While allegations of the history of a transaction which are pertinent to the alleged cause of action are proper matter and not subject to demurrer (*Bryant v. Atlantic C. L. R. Co.,* 19 Ga. App. 536 (3), 91 SE 1047), yet allegations of a contract between third persons to the action are not generally in such category. The contract demurred to, if it be such, was between McDonough Construction Co. of Georgia and D. L. Stokes, while the contract sued on was between Roswell Apartments, Inc., and D. L. Stokes & Co., Inc., neither of which is in privity with the signers of such original contract. "Privity denotes successive relationship to the same right in the same property." *Hilton v. Hilton,* 202 Ga. 53 (2a) (41 SE2d 880). The contract does not show that either the plaintiff or the defendant was a party to the contract. No trust was created by such contract for either party, and the relationship or status of either party to the present action was not changed by such contract. See *Waxelbaum v. Waxelbaum,* 54 Ga. App. 823 (189 SE 283), and citations. The allegations with reference to such purported

contracts had no place in the plaintiff's petition and the demurrers attacking such pleading were properly sustained since such pleadings in no way affected the contract sued on.

■ The allegations of the plaintiff's petition with reference to the cost incurred in the performance of the contract and dealing with what its cost would have been had it not relied upon the promises of the defendant were properly stricken on demurrer, inasmuch as such allegations sought to charge the defendant with fraud and breaching the contract in general terms only and only because of the alleged broken promise by the defendant. See *Thigpen v. Harbison-Walker &c. Co.*, 55 Ga. App. 397, 405 (190 SE 378), and citations.

■ The allegations as to the plaintiff waiving and relinquishing its claim to a percentage of the first month's rent on each apartment for a smaller percentage over a long period of time was a conclusion not supported by well pleaded facts and was properly stricken on demurrer since the petition failed to allege on what basis it was entitled to such higher percentage.

■ One ground of the demurrer sustained by the trial court attacked allegations of the petition to the effect that on a certain date W. C. Lea, officer and agent of the defendant corporation, went to the plaintiff's office and stated that the defendant desired to break the contract and suggested that the plaintiff and the defendant undertake to arrive at a price to be paid the plaintiff by the defendant as a substitute and in lieu of performance by the plaintiff. The demurrer attacked the allegations as attempting to allege a compromise in violation of the provisions which forbade the introduction of evidence of compromise. " 'A paragraph of the petition which substantially alleges that the defendant admitted a material fact contrary to its interest is not subject to demurrer.' *Zapf Realty Co. v. Brown*, 26 Ga. App. 443 (6) (106 SE 748)." *Hardin v. Council*, 92 Ga. App. 722, 725 (89 SE2d 837). The allegations complained of did not refer to a compromise of a doubtful claim but to the contrary alleged an admission by an agent of the defendant and an offer to settle. The trial court erred in sustaining such demurrer.

■ The sole remaining question to be decided relates to the

damages recoverable under the allegations of the plaintiff's petition. The petition, as originally filed, sought to recover the estimated lost profits for the full term of the contract; to wit, until 1985. After demurrer by the defendant the plaintiff amended and sought such profits through the dates such amendment was filed, and finally the plaintiff, after additional demurrers, amended to seek such lost profits from the time of the alleged breach until the original petition was filed.

"*Code* § 105-2009 provides in part, that damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. 'A plaintiff who seeks reparation in damages to his business, from a breach of contract, is limited to the recovery of damages which are the natural and material consequence of the act from which the damage flows. Loss of prospective profits is ordinarily too remote for recovery. The profits of a commercial business are dependent on so many hazards and chances, that unless the anticipated profits are capable of ascertainment, and the loss of them traceable directly to the defendant's wrongful act, they are too speculative to afford a basis for the computation of damages.' *Cooper v. National Fertilizer Co.*, 132 Ga. 529, 535 (64 SE 650). 'The general rule is that the expected profits of a commercial business are too uncertain, speculative, and remote to permit a recovery for their loss.' *Palmer v. Atlantic Ice & Coal Corp.*, 178 Ga. 405 (2) (173 SE 424, 92 A. L. R. 176). *Ga. Grain Growers Assn. v. Craven*, 95 Ga. App. 741, 747 (98 SE2d 633), and citations. *Code* § 105-2010 provides an exception to the above rule, to wit: 'If, however, the tort is committed, or the contract broken, or the duty omitted, with a knowledge and for the purpose of depriving the party injured of such benefits as are specified in the preceding section, then the remote damages are made, by such knowledge and intent, a proper subject for consideration by the jury'." *Slater v. Russell*, 100 Ga. App. 563, 567 (112 SE2d 178). In order to authorize a recovery of such lost profits as are otherwise considered too remote, facts showing that the alleged breach of contract was within the exception provided by *Code* § 105-2010, supra, should be alleged. *Montgomery v. Alexander Lumber Co.*, 140 Ga. 51, supra. The

petition, while alleging that the defendant desired to take over the management of the apartments, nowhere alleged facts to show that the present case was within the exception to the general rule and the trial court did not err in sustaining such demurrers.

*Judgment affirmed on the main bill, and judgment affirmed in part and reversed in part on the cross-bill of exceptions. Frankum and Jordan, JJ., concur.*